# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHIRLEY DELORES NIXON ELLIMAN,<br><br>         Plaintiff,<br><br>v.<br><br>THE CATHEDRAL CENTER and<br>MILWAUKEE COUNTY TRANSIT<br>SYSTEM,<br><br>         Defendants. | Case No. 17-CV-700-JPS<br><br>**ORDER** |

On May 18, 2017, the plaintiff filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The plaintiff brings two claims, the first against the Cathedral Center ("CC") in Milwaukee and the second against the Milwaukee County Transit System ("MCTS"). In her first claim, the plaintiff alleges that the CC denied her access to a restroom. (Docket #1 at 2). This claim must be dismissed for want of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§

1331 and 1332(a). The plaintiff has not properly invoked either form of jurisdiction. If the plaintiff's allegation that the CC denied her access to its restroom is sufficient to state any claim, it would not arise under federal law. Further, diversity is lacking. The plaintiff pleads that both she and the CC are citizens of Wisconsin. *Id.* at 1-2. This claim must, therefore, be dismissed.

The plaintiff alleges her second claim against the MCTS, but the allegations contained in that claim are nonsensical. Specially, the plaintiff's second claim reads as follows:

> Milwaukee County Transit System has buses I put on Milwaukee Company's status since 1999. A plus converging from North Virginia City's Bus Company. They've claimed U.S. Treasury Dept's monies. Housing property personal clothing food and furnishing some since February 2017. 91 Housing Depts. Jan Doyle suggest departure of marriage to maybe former employee. Been claiming some hospital procedures. Bank related. Datonia Hotel assault at night Hilton Milwaukee WI March 2017. IRS fraud April. My SS# is [].

*Id.* at 2-3. This claim is cast in such an incoherent and confusing manner that it must be dismissed under Federal Rule of Civil Procedure 8(a) based on the plaintiff's failure to give the defendant (as well as the Court) fair notice of that which she complains. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) (if a complaint's lack of clarity makes it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted). Though the Court is required to construe a *pro se* plaintiff's complaint liberally, *see Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006), no amount of latitude could save this garbled claim.

Both claims, and therefore the plaintiff's entire complaint, must be dismissed without prejudice. The plaintiff's motion to proceed *in forma pauperis* will be denied as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge